Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/30/2025
CT Log Number 549486547

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in New York**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: Reyes Rosalva Pena // To: WALMART INC.

**DOCUMENT(S) SERVED:** Letter, Notice, Summons, Attachment(s), Complaint, Individual Verification, Certification

**COURT/AGENCY:** Suffolk County Supreme Court, NY
Case # 6139312025

**NATURE OF ACTION:** Personal Injury - 07/22/2022, Walmart, located at 85 Crooked Hill Road, Commack, NY 11725

**PROCESS SERVED ON:** C T Corporation System, New York, NY

**DATE/METHOD OF SERVICE:** By Traceable Mail on 06/30/2025 postmarked on 06/25/2025

**JURISDICTION SERVED:** New York

**APPEARANCE OR ANSWER DUE:** Within 30 days after service

**ATTORNEY(S)/SENDER(S):** MARIA ZAMBRANO STEINHAUS
SURIS & ASSOCIATES, P.C.
395 North Service Road, Suite 302
Melville, NY 11747
631-423-9700

**ACTION ITEMS:** CT has retained the current log, Retain Date: 06/30/2025, Expected Purge Date: 07/10/2025

Image SOP

**REGISTERED AGENT CONTACT:** C T Corporation System
28 Liberty Street
New York, NY 10005
8775647529
MajorAccountTeam2@wolterskluwer.com

**REMARKS:** Documents were served upon the New York Secretary of State on 06/04/2025 and forwarded to CT Corporation.

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

v. 10/09)

MENT OF STATE
ommerce Plaza
;hington Avenue
NY 12231-0001

US POSTAGE PITNEY BO
ZIP 12231 $ 002.59
02 4W
0000390363 JUN 25 20

:es Requested

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

USPS CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8969 005 939 3858 19

97939

202506190195
WALMART INC.
28 LIBERTY STREET
NEW YORK NY 10005. A

CT

STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

June 19, 2025

WALMART INC.
28 LIBERTY STREET
NEW YORK NY 10005, USA

| | |
|---|---|
| RE: Party Served: | WALMART INC. |
| Plaintiff/Petitioner: | ROSALVA PENA REYES |
| Receipt Number: | 202506190195 |
| Date Served: | 06/04/2025 |
| Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492

NEW YORK STATE OF OPPORTUNITY. | Department of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------x
ROSALVA PENA REYES,

Plaintiff/Petitioner,

- against -

Index No. 613931/2025

WALMART, INC, WAL-MART STORES EAST, LP and PJ VENTURE II, LLC,

Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 05//29/2025

Name
MARIA ZAMBRANO STEINHAUS, ESQ

Firm Name
SURIS & ASSOCIATES, PC

Address
395 N Service Road, Suite 302
Melville, NY 11747

Phone 631-423-9700

maria@surislaw.com
E-Mail

To: WALMART, INC.
May 16, 2025
New York, NY 10005
(Via Secretary of State)

WAL-MART STORES EAST
28 Liberty Street
New York, NY 10005
(Via Secretary of State)

PJ VENTURE II, LLC
15 Wyandanch Boulevard
Smithtown, NY 11787
(Via Secretary of State)

6/6/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

ROSALVA PENA REYES,

Plaintiff,

-against-

WALMART, INC, WAL-MART STORES EAST, LP and PJ VENTURE II, LLC,

Defendants.

-------------------------------------------------------------------X

Index No.:

Filed:

**SUMMONS**

Plaintiff designates SUFFOLK COUNTY as the place of trial.

The basis of venue is Plaintiff's residence and location of occurrence

**To the above-named Defendants:**

Plaintiff Resides at:
1560 Illinois Avenue
Bay Shore, NY 11706
County of Suffolk

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiffs' attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you for the relief demanded in the Complaint.

Dated: Melville, New York
May 28, 2025

SURIS & ASSOCIATES, P.C.

BY: Maria Z. Steinhaus

MARIA ZAMBRANO STEINHAUS, ESQ.
Attorneys for Plaintiff
395 North Service Road, Suite 302
Melville, New York 11747
(631) 423-9700
File No.: 4029442JB

TO: See Service Rider

SERVICE RIDER

WALMART, INC.
May 16, 2025
New York, NY 10005
(Via Secretary of State)

WAL-MART STORES EAST
28 Liberty Street
New York, NY 10005
(Via Secretary of State)

PJ VENTURE II, LLC
15 Wyandanch Boulevard
Smithtown, NY 11787
(Via Secretary of State)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------------X
ROSALVA PENA REYES,

Plaintiff,

-against-

WALMART, INC, WAL-MART STORES EAST, LP
and PJ VENTURE II, LLC,

Defendants.
----------------------------------------------------------------------X

COMPLAINT

Index No.

Plaintiff, **ROSALVA PENA REYES**, by her attorneys, **SURIS & ASSOCIATES, P.C.**, complaining of Defendants, **WALMART, INC, WAL-MART STORES EAST, LP and PJ VENTURE II, LLC**, sets forth and alleges, upon information and belief, as follows:

**1.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, was, and continues to be, a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**2.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, was, and is, a foreign corporation, duly licensed to conduct business within the State of New York.

**3.** Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, was, and continues to be, a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

**4.** Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, was, and is, a foreign limited liability company, duly licensed to conduct business within the State of New York

**5.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, was, and continues to be, a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

**6.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, was, and is, a foreign limited liability company, duly licensed to conduct business within the State of New York.

**7.** At all times mentioned herein, there existed a premises located at 85 Crooked Hill Road, Commack, NY 11725 (the **"subject premises"**).

**8.** At all times mentioned herein, there existed a store at the subject premises known and referred to as "Walmart Commack Store", Store #5202 ("Walmart").

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, ROSALVA PENA REYES AGAINST DEFENDANT, WALMART, INC.

**9.** Plaintiff, **ROSALVA PENA REYES**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "8" of the Complaint, as though the same were more fully set forth at length herein.

**10.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, was an owner of premises located at 85 Crooked Hill Road, Commack, NY 11725 (the **"subject premises"**).

**11.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, was the lessor of subject premises.

**12.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, was the lessee of subject premises.

**13.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, was an owner of a store known as Walmart, located at 85 Crooked Hill Road, Commack, NY 11725, in the County of Suffolk and State of New York, hereinafter also referred to as the "subject premises".

**14.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, its agents, servants, employees, contractors and/or subcontractors operated, or were otherwise responsible for the operation of subject premises.

**15.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, breached its duty to properly operate subject premises.

**16.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, its agents, servants, employees, contractors and/or subcontractors maintained or were otherwise responsible for the maintenance of subject premises.

**17.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, breached its duty to properly maintain subject premises.

**18.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, its agents, servants, employees, contractors and/or subcontractors managed or were otherwise responsible for the management of subject premises.

**19.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, breached its duty to properly manage subject premises.

**20.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, its agents, servants, employees, contractors and/or subcontractors inspected or were otherwise responsible for the inspection of subject premises.

Case 2:25-cv-06578-ST Document 4-1 Filed 11/26/25 Page 12 of 27 PageID #: 20

**21.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, breached its duty to properly inspect subject premises.

**22.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, its agents, servants, employees, contractors and/or subcontractors controlled or were otherwise responsible for the control of subject premises.

**23.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, breached its duty to properly control subject premises.

**24.** Upon information and belief, and at all times relevant hereto, the Defendant, **WALMART, INC.** had a duty to clean, mop, and/or properly maintain the premises.

**25.** Upon information and belief, and at all times relevant hereto, the Defendant, **WALMART, INC.**, breached its duty to clean, mop and/or properly maintain the premises

**26.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, had a duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, to insure the safety of those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**, herein.

**27.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, breached its duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, to insure the safety of those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**, herein.

**28.** That at all times hereinafter mentioned, Defendant, **WALMART, INC.**, had a non-delegable duty to maintain subject premises in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**.

**29.** That at all times hereinafter mentioned, Defendant, **WALMART, INC.**, breached its duty to maintain subject premises in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**.

**30.** At all times mentioned herein, Defendant, **WALMART, INC.**, opened the subject premises to the general public, including Plaintiff, **ROSALVA PENA REYES**, herein.

**31.** That at all times relevant hereto, Plaintiff, **ROSALVA PENA REYES**, was a lawful guest and invitee on subject premises.

**32.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, had constructive notice of the existence of the dangerous, hazardous and/or unsafe condition of the subject floor at subject premises, or in the exercise of due care and on proper inspection could and should have had such knowledge and notice, and that the same has been allowed to exist and remain for a long and unreasonable period of time prior to the subject occurrence.

**33.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, had actual notice of the existence of the dangerous, hazardous and/or unsafe condition of the subject floor at subject premises.

**34.** That Defendant, **WALMART, INC.**, had actual notice of this defective condition in that this Defendant created the condition and was present on a daily basis prior to the happening of the subject accident.

**35.** That on Friday, July 22, 2022, at approximately 5:30 PM, Plaintiff, **ROSALVA PENA REYES**, was caused to sustain severe personal injuries while she was at subject premises.

**36.** That subject premises, particularly, the subject floor located thereat, contained dangerous, hazardous and traplike conditions, and were improperly designed, installed, inspected, controlled, supervised, maintained, repaired, cleaned, mopped and/or improved, all of which should have been known to the Defendant, **WALMART, INC.**

**37.** The subject occurrence was caused solely through the negligence, carelessness and/or recklessness of Defendant, **WALMART, INC**, its agents, servants, employees, contractors and/or subcontractors, in the manner in which they owned, operated, designed, installed, maintained, inspected, repaired, improved and/or controlled the subject premises, and without any negligence on the part of the Plaintiff, **ROSALVA PENA REYES**, contributing thereto.

**38.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, suffered serious and protracted personal injuries, some of which are permanent in nature, and was rendered sick, sore, lame and disabled; Plaintiff, **ROSALVA PENA REYES**, was further caused to suffer great physical pain, discomfort and disability, and, upon information and belief, may continue to suffer pain, discomfort and disability for a long period of time into the future.

**39.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, was caused and subjected to undergo extensive hospital and/or medical care, aid and treatment, and, upon information and belief, may continue to undergo medical care, aid and treatment for a long period of time to come in the future, in an effort to cure herself of her injuries.

**40.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES,** has incurred large sums and out-of-pocket expenses for medical care, aid, attention and supplies and, upon information and belief, may continue to incur large sums and out-of-pocket expenses, for medical care, aid, treatment and supplies, in an effort to cure herself of her injuries.

41. That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, has been damaged in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT, WAL-MART STORES EAST, LP

42. Plaintiff, **ROSALVA PENA REYES**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" of the Complaint, as though the same were more fully set forth at length herein.

43. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, was an owner of premises located at 85 Crooked Hill Road, Commack, NY 11725 (the **"subject premises"**).

44. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, was the lessor of subject premises.

45. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, was the lessee of subject premises.

46. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, was an owner of a store known as Walmart, located at 85 Crooked Hill Road, Commack, NY 11725, in the County of Suffolk and State of New York, hereinafter also referred to as the "subject premises".

47. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, its agents, servants, employees, contractors and/or subcontractors operated, or were otherwise responsible for the operation of subject premises.

48. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, breached its duty to properly operate subject premises.

49. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, its agents, servants, employees, contractors and/or subcontractors maintained or were otherwise responsible for the maintenance of subject premises.

50. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, breached its duty to properly maintain subject premises.

51. Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, its agents, servants, employees, contractors and/or subcontractors managed or were otherwise responsible for the management of subject premises.

52. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, breached its duty to properly manage subject premises.

53. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, its agents, servants, employees, contractors and/or subcontractors inspected or were otherwise responsible for the inspection of subject premises.

54. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, breached its duty to properly inspect subject premises.

55. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, its agents, servants, employees, contractors and/or subcontractors controlled or were otherwise responsible for the control of subject premises.

56. Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, breached its duty to properly control subject premises.

**57.** Upon information and belief, and at all times relevant hereto, the Defendant, **WAL-MART STORES EAST, LP,** had a duty to clean, mop, and/or properly maintain the premises.

**58.** Upon information and belief, and at all times relevant hereto, the Defendant, **WAL-MART STORES EAST, LP.**, breached its duty to clean, mop and/or properly maintain the premises

**59.** Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, had a duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, to insure the safety of those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**, herein.

**60.** Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, breached its duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, to insure the safety of those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**, herein.

**61.** That at all times hereinafter mentioned, Defendant, **WAL-MART STORES EAST, LP**, had a non-delegable duty to maintain subject premises in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**.

**62.** That at all times hereinafter mentioned, Defendant, **WAL-MART STORES EAST, LP**, breached its duty to maintain subject premises in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**.

**63.** At all times mentioned herein, Defendant, **WAL-MART STORES EAST, LP**, opened the subject premises to the general public, including Plaintiff, **ROSALVA PENA REYES**, herein.

**64.** That at all times relevant hereto, Plaintiff, **ROSALVA PENA REYES**, was a lawful guest and invitee on subject premises.

**65.** Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, had constructive notice of the existence of the dangerous, hazardous and/or unsafe condition of the subject floor at subject premises, or in the exercise of due care and on proper inspection could and should have had such knowledge and notice, and that the same has been allowed to exist and remain for a long and unreasonable period of time prior to the subject occurrence.

**66.** Upon information and belief, and at all times relevant hereto, Defendant, **WAL-MART STORES EAST, LP**, had actual notice of the existence of the dangerous, hazardous and/or unsafe condition of the subject floor at subject premises.

**67.** That Defendant, **WAL-MART STORES EAST, LP**, had actual notice of this defective condition in that this Defendant created the condition and was present on a daily basis prior to the happening of the subject accident.

**68.** That on Friday, July 22, 2022, at approximately 5:30 PM, Plaintiff, **ROSALVA PENA REYES**, was caused to sustain severe personal injuries while she was at subject premises.

**69.** That subject premises, particularly, the subject floor located thereat, contained dangerous, hazardous and traplike conditions, and were improperly designed, installed, inspected, controlled, supervised, maintained, repaired, cleaned, mopped and/or improved, all of which should have been known to the Defendant, **WAL-MART STORES EAST, LP.**

**70.** The subject occurrence was caused solely through the negligence, carelessness and/or recklessness of Defendant, **WAL-MART STORES EAST, LP**, its agents, servants, employees, contractors and/or subcontractors, in the manner in which they owned, operated, designed, installed,

maintained, inspected, repaired, improved and/or controlled the subject premises, and without any negligence on the part of the Plaintiff, **ROSALVA PENA REYES**, contributing thereto.

**71.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, suffered serious and protracted personal injuries, some of which are permanent in nature, and was rendered sick, sore, lame and disabled; Plaintiff, **ROSALVA PENA REYES**, was further caused to suffer great physical pain, discomfort and disability, and, upon information and belief, may continue to suffer pain, discomfort and disability for a long period of time into the future.

**72.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, was caused and subjected to undergo extensive hospital and/or medical care, aid and treatment, and, upon information and belief, may continue to undergo medical care, aid and treatment for a long period of time to come in the future, in an effort to cure herself of her injuries.

**73.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES,** has incurred large sums and out-of-pocket expenses for medical care, aid, attention and supplies and, upon information and belief, may continue to incur large sums and out-of-pocket expenses, for medical care, aid, treatment and supplies, in an effort to cure herself of her injuries.

**74.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, has been damaged in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT, PJ VENTURE II, LLC

**75.** Plaintiff, **ROSALVA PENA REYES**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" of the Complaint, as though the same were more fully set forth at length herein.

**76.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, was an owner of premises located at 85 Crooked Hill Road, Commack, NY 11725 (the **"subject premises"**).

**77.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, was the lessor of subject premises.

**78.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, was the lessee of subject premises.

**79.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, was an owner of a store known as Walmart, located at 85 Crooked Hill Road, Commack, NY 11725, in the County of Suffolk and State of New York, hereinafter also referred to as the "subject premises".

**80.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, its agents, servants, employees, contractors and/or subcontractors operated, or were otherwise responsible for the operation of subject premises.

**81.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, breached its duty to properly operate subject premises.

**82.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, its agents, servants, employees, contractors and/or subcontractors maintained or were otherwise responsible for the maintenance of subject premises.

**83.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, breached its duty to properly maintain subject premises.

**84.** Upon information and belief, and at all times relevant hereto, Defendant, **WALMART, INC.**, its agents, servants, employees, contractors and/or subcontractors managed or were otherwise responsible for the management of subject premises.

**85.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, breached its duty to properly manage subject premises.

**86.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, its agents, servants, employees, contractors and/or subcontractors inspected or were otherwise responsible for the inspection of subject premises.

**87.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, breached its duty to properly inspect subject premises.

**88.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, its agents, servants, employees, contractors and/or subcontractors controlled or were otherwise responsible for the control of subject premises.

**89.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, breached its duty to properly control subject premises.

**90.** Upon information and belief, and at all times relevant hereto, the Defendant, **PJ VENTURE II, LLC,** had a duty to clean, mop, and/or properly maintain the premises.

**91.** Upon information and belief, and at all times relevant hereto, the Defendant, **PJ VENTURE II, LLC.**, breached its duty to clean, mop and/or properly maintain the premises

**92.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, had a duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, to insure the safety of those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**, herein.

**93.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, breached its duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, to insure the safety of those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**, herein.

**94.** That at all times hereinafter mentioned, Defendant, **PJ VENTURE II, LLC**, had a non-delegable duty to maintain subject premises in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**.

**95.** That at all times hereinafter mentioned, Defendant, **PJ VENTURE II, LLC**, breached its duty to maintain subject premises in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **ROSALVA PENA REYES**.

**96.** At all times mentioned herein, Defendant, **PJ VENTURE II, LLC**, opened the subject premises to the general public, including Plaintiff, **ROSALVA PENA REYES**, herein.

**97.** That at all times relevant hereto, Plaintiff, **ROSALVA PENA REYES**, was a lawful guest and invitee on subject premises.

**98.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, had constructive notice of the existence of the dangerous, hazardous and/or unsafe condition of the subject floor at subject premises, or in the exercise of due care and on proper inspection could and should have had such knowledge and notice, and that the same has been allowed to exist and remain for a long and unreasonable period of time prior to the subject occurrence.

**99.** Upon information and belief, and at all times relevant hereto, Defendant, **PJ VENTURE II, LLC**, had actual notice of the existence of the dangerous, hazardous and/or unsafe condition of the subject floor at subject premises.

**100.** That Defendant, **PJ VENTURE II, LLC**, had actual notice of this defective condition in that this Defendant created the condition and was present on a daily basis prior to the happening of the subject accident.

**101.** That on Friday, July 22, 2022, at approximately 5:30 PM, Plaintiff, **ROSALVA PENA REYES**, was caused to sustain severe personal injuries while she was at subject premises.

**102.** That subject premises, particularly, the subject floor located thereat, contained dangerous, hazardous and traplike conditions, and were improperly designed, installed, inspected, controlled, supervised, maintained, repaired, cleaned, mopped and/or improved, all of which should have been known to the Defendant, **PJ VENTURE II, LLC.**

**103.** The subject occurrence was caused solely through the negligence, carelessness and/or recklessness of Defendant, **PJ VENTURE II, LLC**, its agents, servants, employees, contractors and/or subcontractors, in the manner in which they owned, operated, designed, installed, maintained, inspected, repaired, improved and/or controlled the subject premises, and without any negligence on the part of the Plaintiff, **ROSALVA PENA REYES**, contributing thereto.

**104.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, suffered serious and protracted personal injuries, some of which are permanent in nature, and was rendered sick, sore, lame and disabled; Plaintiff, **ROSALVA PENA REYES**, was further caused to suffer great physical pain, discomfort and disability, and, upon information and belief, may continue to suffer pain, discomfort and disability for a long period of time into the future.

**105.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, was caused and subjected to undergo extensive hospital and/or medical care, aid and treatment, and, upon information and belief, may continue to undergo medical care, aid and treatment for a long period of time to come in the future, in an effort to cure herself of her injuries.

**106.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES,** has incurred large sums and out-of-pocket expenses for medical care, aid, attention and supplies and, upon information and belief, may continue to incur large sums and out-of-pocket expenses, for medical care, aid, treatment and supplies, in an effort to cure herself of her injuries.

**107.** That by reason of the foregoing, Plaintiff, **ROSALVA PENA REYES**, has been damaged in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE, Plaintiff, ROSALVA PENA REYES, demands judgment against Defendants, WALMART, INC, WAL-MART STORES EAST, LP and PJ VENTURE II, LLC, in a sum of money that exceeds the jurisdictional limits of all lower Courts, together with interest, costs, disbursements and attorneys' fees incurred herein.**

**Dated: Melville, New York**
**May 28, 2025**

**SURIS & ASSOCIATES, P.C.**

Maria Z. Steinhaus

**By:** ______________________________
**MARIA ZAMBRANO STEINHAUS, ESQ.**
**Attorneys for Plaintiff**
**395 North Service Road, Suite 302**
**Melville, New York 11747**
**(631) 423-9700**
**File No.: 4029442JB**

# INDIVIDUAL VERIFICATION

**STATE OF NEW YORK } 
COUNTY OF SUFFOLK } ss.:**

I, **ROSALVA PENA REYES,** being duly sworn, depose and say:

I am Plaintiff in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged upon information and belief, and as to those matters I believe it to be true.

**ROSALVA PENA REYES**

**Sworn to before me on this**

28 **day of** May **, 2025**

**NOTARY PUBLIC**

PAMELA V CUZZONE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CU6383007
Qualified in Suffolk County
Commission Expires November 5, 2026

# CERTIFICATION

**STATE OF NEW YORK } COUNTY OF SUFFOLK } ss.:**

I, **MARIA ZAMBRANO STEINHAUS**, an attorney duly admitted to practice in the Courts of the State of New York, state:

I am an associate of the firm of **SURIS & ASSOCIATES, P.C.**, attorneys of record for Plaintiff, **ROSALVA PENA REYES**, in the within action. I hereby certify, pursuant to 22 NYCRR 130-1.1(a) and after forming an inquiry reasonable under the circumstances, that the within **COMPLAINT**, and its respective contentions, are not frivolous as set forth in and defined by 22 NYCRR 130-1.1(a).

**Dated: Melville, New York**
**May 28, 2025**

Maria Z Steinhaus

**MARIA ZAMBRANO STEINHAUS**

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF SUFFOLK

**INDEX NO.: 2025-**

**ROSALVA PENA REYES,**

**Plaintiff,**

**- against -**

**WALMART, INC, WAL-MART STORES EAST, LP and PJ VENTURE II, LLC,**
**Defendants.**

## SUMMONS AND VERIFIED COMPLAINT

**SURIS & ASSOCIATES, P.C.**
**Attorneys for Plaintiff**
**395 North Service Road, Suite 302**
**Melville, New York 11747**
**(631) 423-9700**
**File No.: 4029442JB**

**TO:**

**Attorney(s) for Defendant(s)**

## ADMISSION OF SERVICE

Service of a copy of the within is hereby admitted.

Dated: ..............................................................................................

Attorney(s) for

## NOTICE OF ENTRY

**PLEASE TAKE NOTICE** that the within is a (certified) true copy of an Order duly entered in the office of the Clerk of the within named Court on

Dated:

## NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE** that an Order, of which the within is a true copy, will be presented for settlement to the Hon. , one of the judges of the within named Court in , New York, on

Dated:

20250619015

2025061800046